## RANDI ELLINGBO v. JORGER ELLINGBO.[1]

June 16, 1905.

Nos. 14,419—(188).

Appeal by defendant from a judgment of the municipal court of Minneapolis in favor of plaintiff for $76.16, entered pursuant to the findings and order of Charles L. Smith, J. Affirmed.

*Harrison E. Fryberger*, for appellant.

*Lewis C. Gjertsen*, for respondent.

PER CURIAM.

This is an action to recover money loaned by the plaintiff to defendant, and for work and labor. There was a counterclaim for money paid plaintiff at different times. The cause was tried to the court, who found as a fact that a certain amount was due to plaintiff. Of this sum a certain portion was for interest. Judgment was ordered thereon.

We are not able, from the testimony which has been returned in the paper book, to determine that the trial court erred in the conclusion reached, nor whether there was such an agreement as authorized the payment of interest to plaintiff by virtue of an agreement between the parties. It was apparent that there was a mistake in the allowance of interest, but on the motion for a new trial the court endeavored to correct this by reducing the amount, as appears from the evidence to be just and right, and we are satisfied that substantial justice was done by the denial of the new trial.

Order affirmed.

The following order was filed July 21, 1905:

LOVELY, J.

It is hereby ordered that the application for a reargument be, and the same is hereby, granted upon the question whether the conclusion of law of the trial judge is sustained by his finding of fact as modified in his memorandum of January 25, 1905, which was made a part thereof. Such reargument to be on briefs, which may be typewritten, to be filed within twenty days after this date.

The following opinion was filed September 15, 1905:

PER CURIAM.

Our attention having been called to the fact that an itemized statement of the payments made to the plaintiff by the defendant, found in the memorandum of the trial court was made a part of the findings of fact by order of the court, we granted a reargument upon the question whether the con-

[1] Reported in 103 N. W. 1132; 104 N. W. 551, 576.

clusion of law of the trial court was justified by the facts found. The final conclusion of law directed judgment for the plaintiff for $65.66. This conclusion was based upon the statement in the findings of fact that the defendant had paid the plaintiff upon her claim against him $66.30; but a footing of the itemized statement of the payments discloses that the total amount of payments found by the court aggregate $92.85, a discrepancy of $26.55. It is obvious that the conclusion of law is not supported by the facts found as modified by the itemized statement.

The plaintiff, however, claims that the evidence fully warrants a finding in favor of the plaintiff for the full amount awarded to her. The record is by no means conclusive on the question. The claim, then, is not relevant to the question upon which a reargument was ordered. There being a material discrepancy between the conclusion of law and the findings of fact, it follows that the judgment appealed from is erroneous, and that it must be reversed, and a new trial granted.

So ordered, without statutory costs.